# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID CROCKER, : | Civil Action No. |
| Plaintiff, : | |
| v. : | |
| GEORGIA PACIFIC, : | |
| Defendant. : | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367 and 1441, Defendant Dixie Consumer Products LLC, incorrectly identified in Plaintiff's Complaint as Georgia Pacific ("Defendant"), by and through undersigned counsel, hereby removes this action from the Court of Common Pleas of Northampton County, Pennsylvania and, in support thereof, avers as follows:

**A. REMOVAL BASED UPON FEDERAL QUESTION JURISDICTION IS APPROPRIATE**

1. On or about July 28, 2014, Plaintiff David Crocker ("Plaintiff") filed a Complaint in the Court of Common Pleas, Northampton County, Pennsylvania, Case No. C48-cv-2014-7013 ("Complaint"). A true and correct copy of the Complaint, along with the Notice to Defend, is attached hereto as Exhibit "A". Exhibit A constitutes all process, pleadings, and orders served upon Defendant in this action.

2. On or around August 18, 2014, Plaintiff's Complaint was served upon Defendant.

3. In the Complaint, Plaintiff asserts four counts, and three of the four counts are federal law claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA").

4. Pursuant to 28 U.S.C. § 1331, this Court has original federal question jurisdiction over Plaintiff's Title VII, ADA, and ADEA claims.

5. For the foregoing reasons, removal of the state court action to this Court is appropriate pursuant to 28 U.S.C. § 1441(a).

**B. THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S RELATED STATE LAW CLAIM**

6. Plaintiff also asserts a related state law claim under the Pennsylvania Human Relations Act ("PHRA").

7. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's PHRA claim because it is so related to Plaintiff's Title VII, ADA, and ADEA claims that it forms part of the same case or controversy under Article III of the United States Constitution.

**C. THE NOTICE OF REMOVAL IS TIMELY AND VENUE IS APPROPRIATE**

8. Defendant has filed this Notice of Removal within thirty (30) days after service of the Complaint. Accordingly, this Notice is timely under 28 U.S.C. § 1446(b).

9. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Eastern District of Pennsylvania is the proper venue for removal because the Court of Common Pleas, Northampton County, Pennsylvania is located within the Eastern District of Pennsylvania.

**D. ALL OTHER REMOVAL REQUIREMENTS WILL BE MET**

10. Pursuant to 28 U.S.C. § 1446(d), Defendant will give notice of this removal to Plaintiff through his attorney of record, Donald P. Russo.

11. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice will be filed with the Court of Common Pleas, Northampton County, Pennsylvania.

12. By filing this Notice, Defendant does not waive its right to object to service of process, the sufficiency of process, venue, or jurisdiction, and specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

13. Defendant hereby reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant hereby removes this action from the Court of Common Pleas, Northampton County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

/s/ Richard William Diaz
Richard William Diaz (PA 306980)
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
1735 Market St, Suite 3000
Philadelphia, PA 19103
(215) 995-2835
richard.diaz@ogletreedeakins.com

Attorney for Defendant

Dated: *September 10, 2014*

# CERTIFICATE OF SERVICE

I, Richard William Diaz, hereby certify that a true and correct copy of the foregoing Notice of Removal was served this 10th day of September, 2014, via the Court's via overnight Federal Express, upon the following:

    Donald P. Russo, Esq.
    Law Offices of Donald P. Russo
    3705 William Penn Highway, 2nd Floor
    Easton, Pennsylvania 18045
    Attorney for Plaintiff

Dated: *September 10, 2014*

                                                                                     Attorney for Defendant

# Exhibit A

RECEIVED

AUG 27 2014

G-P LAW DEPARTMENT
CASE CONTROL GROUP



IN THE COURT OF COMMON PLEAS OF
NORTHAMPTON COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | | |
|---|---|---|
| DAVID CROCKER, | : | No. C48-CV-2014-7013 |
| Plaintiff | : | **FILED** |
| v. | : | JUL 28 2014  4:16pm |
| GEORGIA PACIFIC, | : | HOLLY RUGGIERO |
| | : | JURY TRIAL DEMANDED |
| Defendants | : | CLERK OF COURT |
| | : | CIVIL/PROTHONOTARY |

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERNING A WRITTEN APPEARANCE PERSONALLY OR BY AN ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.
    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Northampton County Bar Association
155 South Ninth Street
Easton, Pa. 18042-4399
(610) 258-6663

Attested as true and correct copy.
8/15/14 Donald P. Russo, attorney at Law

1

RECEIVED

AUG 2 7 2014

G-P LAW DEPARTMENT
CASE CONTROL GROUP

IN THE COURT OF COMMON PLEAS OF
NORTHAMPTON COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | | |
|---|---|---|
| DAVID CROCKER, | : | No. C48-CV-2014-7013 |
| Plaintiff | : | |
| v. | : | **FILED** |
| GEORGIA PACIFIC, | : | JUL 28 2014 4:16pm |
| Defendant | : | JURY TRIAL DEMANDED |
| | : | HOLLY RUGGIERO |
| | | CLERK OF COURT |
| | | CIVIL/PROTHONOTARY |

## COMPLAINT

Plaintiff, David Crocker, by and through his undersigned counsel, hereby avers as follows:

1. Plaintiff is David Crocker, an adult individual who resides at 5113B Terri Lane, Easton, Northampton County, Pennsylvania, 18040.

2. Defendant is Georgia Pacific (hereinafter referred to as "Georgia Pacific"), with offices located at 605 Kuebler Road, Easton, Northampton County, Pennsylvania, 18040.

3. The Plaintiff was born on January 8, 1958.

4. The Plaintiff began his employment with Georgia Pacific on July 19, 1976.

5. The Plaintiff was initially hired as a trainee for American Can.

6. The Plaintiff ultimately began the Maintenance Supervisor for Defendant, Georgia Pacific.

7. The Plaintiff's immediate supervisor was Mick Clements (hereinafter referred to as "Clements").

8. Rich Schmieg (hereinafter referred to as "Schmieg") was the Plant Manager for the Defendant.

9. The Defendant's Human Resources Director and Owner of Georgia Pacific is Charlie Koch (hereinafter referred to as "Koch").

10. The Plaintiff was employed by Defendant George Pacific for over 36 years.

11. The Plaintiff believes, and therefore avers, that he was being retaliated against because he was injured at work, and because he would be out of work for 3-6 months due to needed surgery.

## COUNT I

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. SECTION 12101, *et seq.*

## DAVID CROCKER V. GEORGIA PACIFIC

12. The Plaintiff incorporates herein by reference thereto paragraphs 1 through 11 as if the same were more fully set forth at length herein.

13. On October 2nd and October 3rd, 2012, the Plaintiff was injured while at work.

14. The Plaintiff went to Redi-Care and had x-rays taken.

15. The Plaintiff's physician advised him that he had two options. The first option was for Plaintiff to wear a brace.

16. The second option was for Plaintiff to have a total knee replacement surgery.

17. The Plaintiff scheduled the surgery (in the event that the brace did not work), and immediate informed his supervisor, Clements.

18. Clements was advised that the Plaintiff would be out of work for approximately 3-6 months, due to the injury to his right knee.

19. On October 17, 2012, Plaintiff received a telephone call from Schmieg, and was told to report to work the next day at 10:00 a.m., to conclude an un-related ongoing case at work.

20. The Plaintiff reported to work that day, October 18, 2012, and was informed that he was being terminated due to a prior incident with Rich Kranich (hereinafter referred to as "Kranich").

21. The Plaintiff believes, and therefore avers, that if he were truly being terminated due to the aforesaid prior incident with Kranich, he would have been terminated back in August.

WHEREFORE, the Plaintiff respectfully invokes the remedial powers of this Court as provided in the Americans With Disabilities Act, 42 U.S.C. Section 12101, *et seq.*, and prays for the following:

(a) The Defendant be permanently enjoined from discriminating against the Plaintiff on any basis forbidden by the Americans With Disabilities Act, 42 U.S.C. Section 12101, *et seq.*;

(b) The Defendant be ordered to hire the Plaintiff into the position, or to a position substantially similar to the one Plaintiff held at the time of his termination, with full salary, seniority, benefits and profit-sharing running from that date;

(c) The Defendant be ordered to compensate, reimburse, and make-whole the Plaintiff for all the benefits the Plaintiff would have received had it not been for the Defendant's illegal actions including, but not limited to: pay, benefits, training, promotions, and seniority. Plaintiff should be accorded said benefits illegally withheld from the date of the Plaintiff's termination until the date the Plaintiff is tendered substantially equivalent employment, with interest on the above withheld amounts to the date of payment;

4

(d) Damages to the Plaintiff to compensate Plaintiff for loss of opportunity, pain, suffering, or other damage duly proved to have been suffered by Plaintiff because of the Defendant's unlawful conduct;

(e) Punitive damages calculated to be sufficient to deter such a misconduct in the future;

(f) An award of interest on the above amounts of unpaid wages illegally denied;

(g) The costs of this action and a reasonable attorney's fee paid to Plaintiff;

(h) Any other relief, equitable to legal, appropriate and power to remedy the illegal treatment of the Plaintiff by the Defendant; and

(i) The Plaintiff demands trial by jury.

## COUNT II

**VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. SECTION 621, *et seq.***
**DAVID CROCKER V. GEORGIA PACIFIC**

22. The Plaintiff incorporates herein by reference thereto paragraphs 1 through 21 as if the same were more fully set forth at length herein.

23. The Plaintiff believes, and therefore avers, that the violation of the Age Discrimination in Employment Act was willful.

24. During his period of employment with the Defendant, the Plaintiff's job performance equaled or exceeded the standards established for his position with the Defendant.

25. The Plaintiff believes, and therefore avers, that the Defendant had an illegal discriminatory motive for harassing and retaliating against him because his work performance was satisfactory and the Defendant did not have grounds to take disciplinary actions against him.

26. The acts of unlawful age discrimination averred in this Complaint occurred in the Commonwealth of Pennsylvania, and the Plaintiff has filed a Complaint in connection with this matter with the Equal Employment Opportunity Commission.

27. The actions of the Defendant as described hereinabove were willful within the meaning of Section 7(b) of the Age Discrimination in Employment Act, 29 U.S.C. Section 626(b).

28. The Plaintiff's charge of discrimination was dual-filed with the Pennsylvania Human Relations Commission.

29. By reasons of the facts set forth in this Complaint and the unlawful acts complained of, the Plaintiff has been damaged in an amount which is presently undetermined, but which he believes to be in excess of $50,000.00.

30. The Plaintiff has been and is being irreparably harmed by the discriminatory actions of the Defendant.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court to:

(a) Issue a declaratory judgment declaring that the discriminatory practices set forth herein are unlawful and violative of the Age Discrimination in Employment Act;

(b) Issue preliminary and permanent injunctive relief enjoining and restraining Defendant, its successors, officers, agents and employees and those acting in concert or participation with it from engaging in any acts or practices of discrimination against Plaintiff violative of the Age Discrimination in Employment Act, 29 U.S.C. Section 621, *et seq.*,

(c) Enter judgment in favor of the Plaintiff in an amount of damages including liquidated damages determined to have been sustained by him;

(d) Issue such other and further relief as may be necessary and appropriate in order to address the deprivation of rights and privileges sustained by the Plaintiff; and

(e) Award the Plaintiff reasonable attorney's fees together with costs of this action.

### COUNT III

### ILLEGAL RETALIATION IN VIOLATION OF THE ADEA
### DAVID CROCKER V. GEORGIA PACIFIC

31. The Plaintiff incorporates herein by reference thereto paragraphs 1 through 30 as if the same were more fully set forth at length herein.

32. The Plaintiff believes, and therefore avers, that pursuant to 29 U.S.C. Section 621, *et seq.*, it is unlawful to discrimination against any employee because that employee has

7

opposed any practice made an unlawful employment practice by said statute, or, because said employee has filed a charge of discrimination against his employer.

33. The Plaintiff believes, and therefore avers, that the aforementioned acts taken by the Defendant were intended to retaliate against him for expressly asserting his rights under the Age Discrimination in Employment Act.

34. The Plaintiff further believes, and therefore avers, that he was retaliated against due to the fact that he would be out of work for 3-6 months due to needed surgery, as well as due to his age.

35. The Plaintiff believes, and therefore avers, that as a result of the Defendant's intentional wrongdoing and retaliatory conduct, he is entitled to statutory liquidated damages for willful age discrimination.

36. As a result of the Defendant's illegal conduct, the Plaintiff has suffered and will continue to suffer irreparable injury caused by the Defendant's conduct.

37. By reasons of the malicious wanton and willful conduct of the Defendant, the Plaintiff demands statutory liquidated damages for willful age discrimination.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court to award judgment in favor of the Plaintiff and against the Defendant in an amount in excess of the

arbitration limits established by the Northampton County Court of Common Pleas, and, as part of said award to grant the Plaintiff the following damages:

(a) Actual and consequential damages as may be proven plus interest;

(b) Compensatory damages to compensate for the pain, suffering and humiliation the Plaintiff suffered as a result of the Defendant's unlawful actions; and

(c) Plaintiff further prays for an award of costs incurred in this action plus a reasonable attorney's fee.

COUNT II

**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT,
43 P.S. SECTION 951, *et seq.*
DAVID CROCKER V. GEORGIA PACIFIC**

38. The Plaintiff incorporates herein by reference thereto paragraphs 1 through 37 as if the same were more fully set forth at length herein.

39. Pursuant to the Pennsylvania Human Relations Act, specifically, 43 P.S. Section 955(a), an employer may not discriminate against an employee based upon the employee's age or gender.

40. The Plaintiff believes, and therefore avers, that the Defendant's purpose in retaliating against him, as alleged above, was to replace him with a younger individual and to punish him for having to be off of work for approximately 3-6 months for knee replacement surgery.

9

41. The Plaintiff has satisfied all of the procedural and administrative requirements set forth in the Pennsylvania Human Relations Act. In particular, the Plaintiff has dual-filed a timely charge with the Pennsylvania Human Relations Commission, and, said charge has been under investigation by the Pennsylvania Human Relations Commission for a period in excess of one year.

42. The Plaintiff believes, and therefore avers, that the Defendant's retaliation against him constituted an illegal discriminatory act, as proscribed by the Pennsylvania Human Relations Act.

43. The Plaintiff has suffered and will continue to suffer irreparable injury caused by the Defendant's illegal conduct.

44. The Plaintiff believes, and therefore avers, that the Defendant's acts of discrimination were intentional.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court to award judgment in favor of the Plaintiff and against the Defendant in an amount in excess of the arbitration limits established by the Northampton County Court of Common Pleas, and, as part of said award to grant the Plaintiff the following damages:

(a) Actual and consequential damages as may be proven, plus interest;

(b) Compensatory damages to compensate for the pain, suffering and humiliation that Plaintiff suffered as a result of the Defendant's unlawful actions; and

(c)  Plaintiff further prays for an award of costs incurred in this action plus a reasonable attorney's fee as provided in the Pennsylvania Human Relations Act, 43 P.S. Section 962.

Respectfully submitted,

*Donald P. Russo*
DONALD P. RUSSO, ESQUIRE
Attorney for Plaintiff, David Crocker
35 East Elizabeth Avenue, Suite 42
P.O. Box 1305
Bethlehem, PA 18018
(610) 954-8093
Attorney I.D. #25873

## VERIFICATION

I, David Crocker, being duly sworn according to law, depose and say that the facts set forth in the within Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements contained herein are made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsifications to authority.

Date: 3-27-2014

_David Crocker_
DAVID CROCKER